UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 09-10183-GAO

UNITED STATES OF AMERICA,

v.

JUSTIN GREEN,
Defendant.

OPINION AND ORDER
July 14, 2011

O'TOOLE, D.J.

On January 28, 2011, a jury found the defendant, Justin Green, guilty of a conspiracy to possess with intent to distribute and to distribute oxycodone in violation of 21 U.S.C. § 841. Green now moves for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, or in the alternative, for a new trial pursuant to Rule 33.

With respect to the Rule 29(c) motion, Green first seeks generally to adopt the same arguments already rejected in his Rule 29(a) motion, and, as a general matter, they are again rejected.

Green emphasizes one specific argument regarding the sufficiency of the evidence about his knowledge and participation in the oxycodone distribution conspiracy, arguing that the evidence merely showed a buyer-seller relationship. I disagree. The government presented testimony through Mark Carrolton that Carrolton initially bought oxycodone pills from Green for personal use and arranged for his high school friend, Aaron Tripp, to do so as well. He testified, however, that the amounts Tripp purchased from Green almost immediately escalated to quantities well above what a buyer might personally use. Indeed, the evidence showed that Tripp planned to purchase almost $400,000 worth of pills from Green when he was apprehended in

South Carolina on his way to Florida. Tripp corroborated Carrolton's testimony, and further testified in detail about his distribution activities in Massachusetts to other co-defendants in the case. As the government argues, the quantity of drugs Tripp was purchasing on a regular basis from Green far exceeded what could reasonably be expected for individual use only, justifying an inference that Green knowingly and intentionally entered a drug distribution conspiracy and sold the drugs for redistribution. Viewing the totality of the evidence in the light most favorable to the verdict, a rational trier of fact could have found that Green knowingly and intentionally joined the conspiracy, and the Rule 29 motion is DENIED. See United States v. Loder, 23 F.3d 586, 589-90 (1st Cir. 1994); see also United States v. Boylan, 898 F.2d 230, 241-42 (1st Cir. 1990) (noting that a conspiratorial agreement "need not be express so long as its existence can plausibly be inferred from the defendants' words and actions and the interdependence of activities and persons involved").

With respect to the Rule 33 motion, Green makes no new arguments to establish that the interest of justice requires a new trial. See Fed. R. Crim. P. 33(a). Green essentially lists boilerplate grounds upon which a new trial may be in the interest of justice, and makes little effort to connect those grounds to the case at hand. In light of the Court's finding regarding the sufficiency of the evidence and Green's failure to elaborate on any particular arguments in support of a new trial, it cannot be said that the jury's verdict constitutes a miscarriage of justice. See United States v. Wilkerson, 251 F.3d 273, 278 (1st Cir. 2001); cf. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (noting that in the appellate context, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). Green's Rule 33 motion is therefore DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge